By the Court.
 

 Plaintiffs in error do not seriously contend that the charge of the court was erroneous, nor that Gresham, whose negligence may have caused the injury to the plaintiff, was not a fellow employe of the latter. The record discloses evidence from which the jury might determine that
 
 *180
 
 the cause of the accident was the act of the fellow servant, Gresham, in fastening the chain insecurely to the pole of the rear wagon in obedience to the directions given by the employer. The employer and employes knew that this empty wagon was unequipped with brakes, and should have known that, on account of its heavier weight, the process of taking it down a descending grade would involve danger to the driver of the front wagon.
 

 The contention of plaintiffs in error, as stated in counsel’s brief, is that under the evidence produced on the trial the cause “was improperly submitted to the jury on the theory that some immediate or peremptory order was given by the master to John Gresham, a fellow servant; whereas, no such order is shown in the record.”
 

 The only question presented and argued is whether the order and directions of the employers, disclosed in the above statement of facts, were “immediate or peremptory.” Section 6244, General Code, reads:
 

 “That in all such actions the negligence of a fellow servant of the employe shall not be a defense where the injury or death was in any way caused or contributed to by * * * the negligent act of any fellow servant done in obedience to the immediate or peremptory instructions or orders given by the employer, or any person who has authority to direct the doing of said act.”
 

 It is conceded that Gresham was a fellow employe and that his negligent act, if found to be so, was done in obedience to the order of- Tuck, who ordered Gresham to tie the empty wagon, by
 
 *181
 
 means of a chain, to the lead wagon. Compliance by a servant with the orders of his employer does not deprive him of the right of recovery because of the fact that such, compliance was apparently dangerous, if a person of ordinary prudence, and using ordinary care under the circumstances, would have obeyed such order; in such a case the question is one of fact for the determination of the jury, and the trial court so charged in accordance with the rule announced in
 
 Van Duzen Gas & Gasoline Engine Co.
 
 v.
 
 Schelies,
 
 61 Ohio St., 298, 55 N. E., 998.
 

 Chappie himself testified that before that time he had frequently taken two wagons down the same hill without accident. The directions given in the instant case are distinguishable from the communicated instructions reported in the two following cases:
 
 Northern Ohio Ry. Co.
 
 v.
 
 Rigby,
 
 69 Ohio St., 184, 68 N. E., 1046, and
 
 Cincinnati Gas & Elec. Co.
 
 v.
 
 Johnston,
 
 76 Ohio St., 119, 81 N. E., 155. Here under the instructions given by the employer, no discretion as to the method of taking the empty wagon was left to these employes. The employer had stipulated the precise method to be employed; they were ordered to take a chain furnished by the employer and were explicitly directed to tie the lead wagon to the pole of the empty wagon by means of the chain, and in carrying out the explicit directions of the employer the plaintiff was injured by what the jury must have found to be a negligent act of a fellow servant. The instructions given by the employer in the present case were peremptory, and under Section
 
 *182
 
 6244, General Code, above quoted, the negligence of a fellow servant is not a defense.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Jones, Matthias, Day and Allen, JJ., concur.